[No. 4109.]

## ANDREW McCREARY *v.* MICHAEL CASEY.

ENFORCEMENT OF TRUST.—M. and C. were both residing on an unsurveyed quarter section of public land, and agreed that it should be purchased from the State in the name of C., and that each should furnish one-half the money to make the purchase, and pay one-half the expense, and own one-half the land, and that when the purchase was made from the State, C. should convey one-half to M. C. afterwards pre-empted the land, and received a patent for it from the United States: *Held,* that before M. could have C. declared his trustee, and compel him to convey to him one-half the land, he must show that the land could have been purchased from the State by one of them; that is, that the State had held the title, and would have sold and conveyed it.

APPEAL from the District Court, Twelfth Judicial District, County of San Mateo.

The plaintiff and defendant were, in 1862, each living on and in possession of a part of the southwest quarter of section thirteen, township five south, range five west, Mount Diablo base and meridian. The land had not then been surveyed by the United States, so they employed a surveyor, and had the lines run for the purpose of buying it from the State of California, under the laws of the State for the sale of lands granted by Congress to the State for school purposes. They had the surveyor divide the land between them diagonally, but, being informed that the State would not sell the land in other than legal subdivisions, they agreed that the land should be bought from the State in the name of the defendant, and each party pay half the cost and expense, and that when the title was perfected, the defendant should convey to the plaintiff the half on which he was living, as surveyed by the surveyor. Each party paid half the expense of this survey; and, in pursuance of the agreement, a certificate of location was obtained from the State in the name of the defendant, and twenty per cent. of the purchase-money paid down, each party paying one-half. In pursuance of the agreement, each party made his possession and improvements correspond with the line of partition fixed between them. Afterwards, and in 1865, the land was surveyed by the United States, and on the same day, the State filed its application for the land, but it was reserved from sale in favor of the Central Pacific Railroad Company. On the 15th of May, 1865, the defendant, without the knowledge of the plaintiff, abandoned the State location, and filed his declaratory statement as a pre-emptor, under the laws of the United States, and on the 2d of March, 1866, without the knowledge of the plaintiff, made proof and payment, and, in due time, received a patent from the United States; and thereupon set up title in himself, and ousted the plaintiff. The latter commenced this action on the 3d of March, 1871, to have the defendant declared his trustee for the half of the land he had occupied, and to compel him to convey the same to him, upon payment of one-half of the cost and expense the defendant had incurred in buying the land from the United

States.   The court rendered judgment for the plaintiff, and the defendant appealed.

*H. Kincaid and J. C. Bates*, for the Appellant.

Plaintiff failed to make out his case.   He did not prove that the land applied for had been listed to the State of California, or ever could be listed.   (*Terry* v. *Megerle*, 24 Cal. 609; *Megerle* v. *Ash*, 33 Cal. 74; *Hodap* v. *Sharp*, 40 Cal. 69.)

It affirmatively appeared on the trial, that from the time of the survey of the land, February 7, 1865, being three years after the alleged agreement was made, to the 19th of October, 1868, the land was within the reservation of the Central Pacific Railroad Company, and, therefore, Casey's application to buy the land from the State was null and void; and besides, there was no means of knowing when such reservation would be removed, if ever; or whether the land would go to the railroad company, except that in possession of pre-emptors.   (*Terry* v. *Megerle*, 24 Cal. 609.)

*C. N. Fox*, for the Respondent.

Where trust and confidence are reposed by one party in another, and such other accepts the confidence, equity will convert him into a trustee, whenever it is necessary to protect the interest of the confiding one, and do justice between them.   (Tiff. & Bul. on Trusts and Trustees, 481; see also pp. 112 and 131.)

In this case, the defendant was a trustee for plaintiff, to procure title to this land.   A particular manner of procuring it was agreed upon; but the procuring of the title was the primary object—the manner was merely secondary.   He violated his trust, abandoned the manner agreed upon, without notice to plaintiff, adopted another under which he declared his intention to oust plaintiff, and when the title was procured set it up against plaintiff.   This proceeding carried fraud upon the face of it, and against its consequences equity will relieve.   (*Michaud et al.* v. *Girod et al.*, 4 How. U. S. 552.)

As to the land involved in this controversy, the defend-

ant was the agent of plaintiff to procure title, and if he discovered a defect in the title proposed to be issued to plaintiff, he could not misuse that knowledge to acquire a title for himself; if he did, he will be held as trustee holding for his principal. (*Ringo et al.* v. *Binns et al.*, 10 Peters, 280.)

An agent, employed to purchase for another, whether he be actively or constructively an agent, cannot purchase for himself, but is a trustee for his employer. (*Church et al.* v. *Sterling et al.*, 16 Conn. 387; Story's Eq. J., Sec. 316, and cases there cited.)

By the Court:

At the date of the contract alleged in the complaint, the land in controversy was unsurveyed land of the United States, and could not then have been purchased from the State by either party; and before the plat of the survey was filed in the local land office, the lands had been withdrawn from sale and reserved in favor of the Central Pacific Railroad and its branches, and so remained until it was purchased by the defendant in pursuance of his application as a pre-emptioner. During all that time the agreement alleged in the complaint was incapable of execution, as the lands could not have been purchased from the State by either party; and it is not shown that at any time after the lands have been so reserved for the railroad they could have been purchased from the State had the defendant not purchased them from the United States; that is to say, it is not shown that the railroad company would not have acquired the title had not the defendant purchased the lands in pursuance of his pre-emption claim. It, therefore, cannot be said that the defendant, by his purchase from the United States, defrauded the plaintiff; nor that by reason of the agreement, or any other fact in the case, the defendant is estopped to rely on his title so acquired from the United States.

Judgment and order reversed, and cause remanded.